UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robin M. Lee,<br><br>             Plaintiff,<br><br>v.<br><br>Alicia's Motel, a/k/a Dora & Sons,<br><br>             Defendant. | Case No. 2:13-cv-1777-JAD-NJK<br><br>**Order Adopting the U.S. Magistrate Judge's Report and Recommendation and Dismissing Case for Want of Jurisdiction**<br>**[Doc. 2]** |

Plaintiff Robin S. Lee, a Nevada resident, sues Alicia's Motel, based on an alleged October 31, 2011, theft of his belongings from a Las Vegas, Nevada motel by an alleged escaped fugitive, Arlene Griffin. *See* Doc. 1-1 at 2. In his *in forma pauperis* application, Lee checked a box signifying that his complaint was brought under 42 U.S.C. § 1983. Doc. 1 at 1. However, the complaint itself did not identify any jurisdictional basis for maintaining this suit in federal court. *See* Doc. 1-1.

Lee's *in forma pauperis* application was referred to Magistrate Judge Koppe, who recommended that the application be granted and the case dismissed because it contains no claim that may be maintained in this court of limited jurisdiction. *See* Doc. 2 at 3 & n.2.

Lee filed objections to Judge Koppe's Report and Recommendation. Docs. 3, 4. Lee's second objection, Doc. 4, was filed 30 days after Judge Koppe issued her Report and

Recommendation, outside of the 14-day window that the rules of this court allow for filing objections.[1]  Lee's second objection was thus untimely and will not be considered.  Lee's first objection, timely filed 10 days after the Report and Recommendation, asserted that, in contravention of his *in forma pauperis* application, he did not bring his cause of action under 42 U.S.C. § 1983.  Doc. 3 at 1.  He also asserts that all defendants are Nevada residents.  *Id.* at 2.  Lee goes on to object to Judge Koppe's assessment of the meritlessness of his claim.

Typically, when a district court is presented with objections to a Magistrate Judge's report and recommendations, the court must "make a de novo determination of those portions of the report or specified proposed findings to which objection is made."[2]  In this case, Lee's objections effectively argue him out of federal court.[3]  Having disavowed 42 U.S.C. § 1983 as a basis for his complaint, invoked no other federal statute, Lee cannot avail himself of federal question jurisdiction;[4] and since he claims that both he and the defendants are Nevada residents, he cannot avail himself of the Court's diversity jurisdiction.[5]  Rule 12(h)(3) states that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[6]  Lee's other objections all go to the merits of his claim, do nothing to remedy the fatal jurisdictional defects of his case, and are overruled.  Judge Koppe's Report and Recommendation is adopted in its entirety.

## Conclusion

**IT IS THEREFORE ORDERED** that the U.S. Magistrate Judge's Findings and Recommendation [Doc. 2] are hereby adopted in their entirety.

---

[1] *See* 28 U.S.C. 636(b)(2).

[2] 28 U.S.C. § 636(b)(1); *United States v. Berhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1125 (D. Ariz. 2003) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) (en banc)) (finding that de novo review is required as to findings of fact and conclusions of law where parties object).

[3] *Cf. Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

[4] 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1332.

[6] Fed. R. Civ. Proc. 12(h)(3).

1   **IT IS FURTHER ORDERED** that Lee's Objections to the Report and
2   Recommendation [Docs. 3, 4] are **OVERRULED**.
3   **IT IS FURTHER ORDERED** that Lee's Application for leave to proceed *in forma*
4   *pauperis* is **GRANTED,** however, this case is **DISMISSED WITH PREJUDICE**. The
5   Clerk of Court shall enter judgment accordingly.
6   DATED: April 30, 2014.

$_____$
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE